UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHERYL VERDONE | : | |
|     Plaintiff | : | 3:16-cv-01271-VAB |
| | : | |
| v. | : | |
| | : | |
| AMERICAN GREENFUELS, LLC | : | |
|     Defendant. | : | March 20, 2017 |
| | : | |

ORDER CONCERNING DISCOVERY

Plaintiff, Cheryl Verdone, filed this action against Defendant, the successor by merger of her former employer Greenleaf Biofuels ("Greenleaf"), alleging violations of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (a); the Americans with Disabilities Act, 42 U.S.C. § 1201 *et seq.*; the Equal Pay Act, 29 U.S.C. § 206(d) *et seq.*; and Connecticut statutes prohibiting discrimination in employment. *See* Compl., ECF No. 1. She also alleges promissory estoppel and negligent infliction of emotional distress. Ms. Verdone alleges that Greenleaf hired her as an administrator in February 2012, but that she soon became "Greenleaf's resource for all human resources matters." *Id*. at ¶ 38. Ms. Verdone worked in this capacity until November 13, 2015, when Greenleaf terminated her employment. *Id*. at ¶ 85. While working at Greenleaf, Ms. Verdone maintained Greenleaf's personnel files and had access to other company documents. *Id*. at ¶ 40.

On March 7, 2017, the parties jointly requested a conference with the Court to discuss a discovery dispute. The Court conducted this conference on March 20, 2017. This dispute concerns a set of Defendant's documents that Ms. Verdone retained on a personal laptop that she sometimes used for work. The parties dispute whether Ms. Verdone improperly retained the documents in the first place, but agree that she should not have retained the documents after she finished working for Defendant. The parties represented that two sets of documents are at issue. The first set includes more than 1,400 pages of personnel files and other records of Defendant. Plaintiff sent a paper copy of this set of documents to Defendant and retained an electronic copy herself. There is also a second set of documents that may

belong to Defendant, which Plaintiff has uploaded to a document-review platform but has not reviewed nor shared with Defendant.

Consistent with this Court's inherent authority to manage its docket with a "view toward the efficient and expedient resolution of cases," *Deitz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016), the Court hereby addresses the parties' arguments as follows:

Plaintiff argues that the first set of records may contain some documents that are responsive to Plaintiff's discovery and would like to keep a record of the documents herself. Defendant argues that Plaintiff should return the documents to Defendant, who will produce any responsive documents from the set if Plaintiff serves requests for production. The Court agrees with Defendant. Plaintiff is ORDERED to delete her electronic copy of this set of documents and send Defendant verification of the electronic deletion by March 24, 2017.

Plaintiff argues that she should be able to review the second set of documents to determine whether any of her own documents are included. Plaintiff further argues that she should be able to catalog the documents and retain a copy. Defendant argues that Plaintiff should return this set of documents without reviewing it. The Court ORDERS Plaintiff to return the second set of documents to Defendant without cataloging or applying Bates Numbers, but after reviewing the documents to ensure that none of Plaintiff's own documents are included, by April 7, 2017.

SO ORDERED at Bridgeport, Connecticut this 20th day of March, 2017.

                                             **/s/ Victor A. Bolden**_____
                                             VICTOR A. BOLDEN
                                             UNITED STATES DISTRICT JUDGE