UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CHERYL VERDONE,**<br>    Plaintiff, | :<br>:<br>: |
| v. | :    Case No. 3:16-cv-01271 (VAB) |
| **AMERICAN GREENFUELS, LLC,**<br>    Defendant. | :<br>:<br>: |

### Order Concerning Discovery And Amending Scheduling

Cheryl Verdone ("Plaintiff"), filed this action against American Greenfuels, LLC ("Defendant"), the successor by merger of her former employer Greenleaf Biofuels ("Greenleaf"), alleging, as amended, violations of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (a); the Americans with Disabilities Act, 42 U.S.C. § 1201 et seq.; the Equal Pay Act, 29 U.S.C. § 206(d) et seq.; and Connecticut statutes prohibiting discrimination in employment. *See* Amend. Compl., ECF No. 93. Plaintiff also alleges claims pertaining to promissory estoppel and the intentional (or negligent) infliction of emotional distress.

On August 9, 2017, the parties jointly requested a discovery conference to address the Defendant's objections to Plaintiff's First Set Of Interrogatories and Requests For Production and the scope of Plaintiff's 30(b)(6) topics. Joint Mot. for Discovery Conference, ECF 89 ("Joint Mot."). Additionally, the parties disputed the Plaintiff's subpoena *duces tecum*, addressed to third-party Kolmar Americas, Inc. ("Kolmar"), and redactions to medical and counseling records sought by the defendant. *Id.* The Court conducted this conference by telephone on September 1, 2017. Minute Entry, ECF No. 102.

This conference was the third such telephonic discovery conference; the other two were held on March 20, 2017 and May 31, 2017. *See* Order Concerning Discovery, ECF No. 71; Minute Entry, ECF No. 69; Minute Entry, ECF No. 80. This most recent conference was held after counsel had "met and conferred on May 11, 2017, and again on July 5, 2017, and again on August 8, 2017, but were unable to resolve the [outstanding] issues." Joint Mot. at 3. In short, the parties are having considerable difficulty managing the discovery process without judicial intervention.

Since this Court possesses inherent authority to manage its docket with a "view toward the efficient and expedient resolution of cases," *Deitz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016), the Court finds it necessary to address as many of these outstanding discovery issues as soon as practicable to avoid further delay in this case.

**I.     Defendant's Objections to Plaintiff's First Set of Interrogatories**

A.     <u>Plaintiff's Interrogatory No. 8</u>

Interrogatory No. 8 requests that Defendant identify persons who participated in decisions to hire and fire employees. While Defendant does not suggest that the request is inappropriate in its entirety, the parties disagree about the proper scope of this discovery request. Plaintiff seeks discovery from January 1, 2011 until December 15, 2015; Defendant has offered to answer the interrogatory pertaining to the period from February 1, 2012 until January 1, 2015.

Since the Plaintiff was employed by Defendant from at February 1, 2012 through November 2014, Amend. Compl. at ¶ 7, the Court sees no reason why discovery should not be provided at least within that time frame. Moreover, since Defendant has further agreed to provide discovery until January 1, 2015, there is no reason not to extend discovery until that time period.

2

The only remaining question is whether discovery should be allowed before February 1, 2012 and after January 1, 2015 until December 15, 2015, as Plaintiff has requested. At this stage, nothing presented in Plaintiff's filings or oral presentation on September 1st suggested that discovery on this issue before February 1, 2012 is necessary, at least, on this issue. As a result, the Court will not order discovery on Interrogatory No. 8 before February 1, 2012. The Court, however, will permit discovery on Interrogatory No. 8 until December 15, 2015. To the extent that Defendant claim that no documents exist or can be located after January 1, 2015 and can properly attest to this fact, Defendant should do so in response to Interrogatory No. 8.

B.  Plaintiff's Interrogatory No. 10

Interrogatory No. 10 requests the name, gender, title, dates of employment and compensation level of Defendant's employees. *Id.* at 2. On this discovery request, the parties also disagree as to the appropriate time frame. For reasons similar to the Court's decision with respect to Interrogatory No. 8, the Court finds that the applicable starting time period is February 1, 2012. For the reasons discussed on the September 1st call, the Court, however, limits this time period to until January 1, 2015.

C.  Plaintiff's Interrogatory No. 12

Interrogatory No. 12 requests the names, gender, title, and gender of replacement of all employees demoted or discharged. *Id.* Plaintiff has sought information on employees involuntarily terminated between 2012 until 2016; Defendant has offered to provide information about employees involuntarily terminated between January 1, 2014 and May 1, 2015.

For the reasons discussed on the September 1st call, the Court finds that the appropriate time period for the requested information about those employees involuntarily terminated is

between January 1, 2014 and December 15, 2015. To the extent that Defendant claim that no documents exist or can be located after January 1, 2015 and can properly attest to this fact, Defendant should do so in response to Interrogatory No. 12.

## II. Defendant's Objections to Plaintiff's Requests for Production

A. <u>Request No. 4</u>

Request No. 4 seeks internal communication concerning the Plaintiff's employment. *Id.* Plaintiff and Defendant shall meet and confer to identify a limited number of additional custodians in order to affect an electronic records search. The Court notes requests for further searches must be "proportional to the needs of the case." FED. R. CIV. P. 26(b)(1) (requiring that courts, in addressing proportionality, must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."); *see also Siriano v. Goodman Manufacturing Company,* No. 2:14-cv-1131, 2015 WL 825948 at *5-7 (S.D. Ohio 2015) (directing parties to "engage in further cooperative dialogue in an effort to come to an agreement regarding proportional discovery" where request would take excessive "lawyer review time").

B. <u>Request No. 19</u>

Request No. 19 seeks documents concerning the consulting services provided by Daniel McFadden. Joint Mot. at 2. Defendant claims that they have conducted the appropriate search and that any further search would be unduly burdensome and not "proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). For the reasons stated on the September 1st call, the Court finds that Defendant shall produce any final reports or comprehensive analysis. To the extent that

Defendant claim that no documents exist or can be located after January 1, 2015 and can properly attest to this fact, Defendant should do so in response to Request No. 19.

### III. Third-Party Objections to Plaintiff's Subpoena *Duces Tecum*

Third-party Kolmar Americas, Inc. objects to Plaintiff's subpoena *duces tecum*. Kolmar shall respond to the subpoena, stating whether or not Kolmar has responsive information or if it is stored elsewhere. Progress towards resolving this dispute will be further addressed at a telephonic status conference on September 14, 2017. *See infra* Part V (amending schedule).

### IV. Redactions to Plaintiff's Medical Records

Defendant objects to the redaction of two separate sets of medical records provided by Plaintiff. First, Plaintiff offered records from her counseling that included a redacted paragraph. Second, Plaintiff provided records from a clinical trial received through a nonparty pharmaceutical company. The pharmaceutical company had redacted information it felt was proprietary or detailed trade secrets.

Parties are encouraged to meet and confer in order to satisfy Defendant's objections. The Court notes that the counseling records may be filed under seal or by motion for an additional protective order in keeping with the sensitive nature of its contents. Additionally, Plaintiff's counsel detailed attempts to seek portions of the nonparty's records with fewer redactions. Progress towards resolving this dispute will be further addressed at a telephonic status conference on September 14, 2017. *See infra* Part V (amending schedule).

### V. Amended Schedule

Given the considerations above, the Court shall hold an additional telephonic status conference on September 14, 2017 at 4:00 p.m. Parties are encouraged to address two matters: progress related to the subpoena *duces tecum* and the filing of un-redacted medical records.

Additionally, it is necessary to modify the case management order. Therefore, the Consent Motion for Modification of Case Management Order is granted. Mot. To Amend Modification of Case Management Order, ECF No. 86. The amended schedule is adopted as follows:

- Plaintiff's expert disclosures are due by October 30, 2017.
- Damages analysis is due by October 30, 2017.
- Depositions of Plaintiff's experts are due by November 30, 2017.
- Defendant's expert disclosures are due by November 30, 2017.
- Depositions of Plaintiff's experts are due by December 29, 2017.
- Discovery cutoff is due by December 29, 2017.
- Dispositive motions are due by February 15, 2018.

SO ORDERED at Bridgeport, Connecticut, this 6th day of September, 2017.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge